```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

**MICHAEL SHANE WILMOTH**                                              **PLAINTIFF**

**v.**                    **CASE NO.: 10-5048**

**SHERIFF KEITH FERGUSON ET AL.**                                     **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Michael Shane Wilmoth (Plaintiff), an inmate of the Varner Supermax Unit of the Arkansas Department of Correction in Grady, Arkansas, filed this case pro se and *in forma pauperis* under 42 U.S.C. § 1983. (Doc. 1). Now before the Court is the Motion for Injunctive Relief. (Doc. 11).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Motion for Injunctive Relief be **DENIED**.

**I.   BACKGROUND**

Plaintiff filed his Complaint (Doc. 1), numbering ninety-two pages, which sets forth several claims against the named defendants. Plaintiff has numbered his claims, and due to the volume of the Complaint, his claims will be summarized below, according to the manner in which Plaintiff numbered those claims in his Complaint.

Claim #1 - denial of access to an adequate law library for five months while housed in the Benton County Jail.

Claim #2 – denial of medical grievance, threats and intimidation by Defendant Carlton; unconstitutional conditions of confinement caused by Defendants Carlton, Lowther, and Robbins; and unconstitutional viewing and disposal of legal papers by Defendants Carlton, Robbins, Lowther, Wales, Lockhart, Petray, and Strickland; excessive force by Dowdle and other unspecified deputies; denial of medical care.

Claim #3 – unconstitutional conditions of confinement due to lack of outdoor recreation.

Claim #4 – denial of adequate meals due to food poisoning and denial of medical care for food poisoning.

On November 23, 2010, Plaintiff filed his Motion for Injunctive Relief (Doc. 11), stating he was denied access to law books, legal material, administrative regulations and directives. Id.  Plaintiff stated full access to these materials is necessary to be successful in his case and the denial of the materials is "hindering [him] from filing a proper Reply to the Defendants [sic] Response."  Id.  Plaintiff further stated he is being retaliated against for using the Inmate Grievance System, his legal mail is being opened, read and confiscated by Officer Sherry A. Conrad, and his mail is not being mailed in a timely manner, causing him to miss deadlines.  Id.  Moreover, Plaintiff stated he has attempted to complain and address these issues internally with the Arkansas Department of Correction, but he has been ignored in those efforts. Id.  Plaintiff requests injunctive relief in the form of this Court

ordering full access to the law library, transfer to a separate unit in the Arkansas Department of Correction, and an investigation of the retaliation complained of in his motion.  (Doc.  11).

## II.  APPLICABLE LAW

The two kinds of immediate injunctive relief are Motions for Preliminary Injunctions and Temporary Restraining Orders and they differ in several respects,[1] but the applications for each are generally measured against the same factors, which were established in <u>Dataphase Systems, Inc. v. C.L. Systems, Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981)(en banc).  The Court will consider: (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that the movant will succeed on the merits; and (4) the public interest.  No single factor is dispositive, but the movant must establish a threat of irreparable harm.  <u>Id.</u>  Without a finding of irreparable injury, a preliminary injunction should not be issued.  <u>Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.</u>, 871 F.2d 734, 738 (8th Cir. 1989)(en banc).

---

[1] Rule 65 of the Federal Rules of Civil Procedure provides that "[n]o preliminary injunction shall be issued without notice to the adverse party," Fed.R.Civ.P. 65(a)(1), while a TRO "may be granted without written or oral notice to the adverse party or that party's attorney," but "only if" certain requirements are met. See FED.R.CIV.P. 65(b) (emphasis added). Thus, a TRO may be, but does not have to be, issued ex parte, but a preliminary injunction cannot be issued without notice to the adverse party. However, although a preliminary injunction cannot be issued without notice, the fact that notice is provided does not necessarily mean that the relief granted will be a preliminary injunction rather than a TRO. See <u>Baker Elec. Co-op., Inc. v. Chaske</u>, 28 F.3d 1466, 1472 (8th Cir. 1994).

In Gof v. Harper, 60 F.3d 518, 520-21 (8th Cir. 1995), the court addressed the district court's role in inmate applications for injunctive relief as follows:

> [I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration . . . The courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.

Id. Courts are further cautioned that, "injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) (quoting Holiday Inns of Am. v. B & B Corp., 409 F.2d 614, 618 (3rd Cir. 1969)).

### III. DISCUSSION

Plaintiff has asked for a preliminary injunction to have full access to the law library, a transfer within the Arkansas Department of Correction, and an investigation of his threats of retaliation. As service has not issued, and Plaintiff did not serve his Motion upon the named Defendants, this Motion is most properly characterized as a Motion for Temporary Restraining Order. See note 2, supra. As such, Plaintiff must show how he will suffer "immediate and irreparable injury, loss, or damage . . . before the adverse party can be heard in opposition." See FED. R. CIV. P. 65(b).

Here, Plaintiff has not demonstrated he will suffer irreparable injury. He states he is unable to reply to the Defendants' Response, but although an Order has issued for service on the Defendants, no return of summons has been filed, and it is likely service has yet to be perfected upon the Defendants in this case. Accordingly, Defendants have filed no Response or other matter in this case to which Plaintiff could or should reply. Moreover, Plaintiff has stated he missed deadlines due to mail being withheld from delivery, but no deadlines have been missed in this matter. As such, Plaintiff can not meet his burden of showing immediate "irreparable injury, loss, or damage."

### IV. CONCLUSION

Accordingly, I **RECOMMEND** the Motion for Injunctive Relief (Doc. 11) be **DENIED,** to the extent Plaintiff seeks a Preliminary Injunction or Temporary Restraining Order, for the forgoing reasons.

However, as Plaintiff has raised what could be actionable civil rights claims regarding retaliation and denial of access to the mail, it is **FURTHER RECOMMENDED** that upon any adoption of this Report and Recommendation, the District Court Clerk be directed to mail Plaintiff a form for filing a civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of Arkansas, as Plaintiff's claims regarding these matters would most properly be filed in that district.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    **DATED this 30th day of November 2010.**

                                            /s/ Erin L.  Setser
                                            HON.  ERIN L.  SETSER
                                            U.S.  MAGISTRATE JUDGE