```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**MICHAEL SHANE WILMOTH**                                           **PLAINTIFF**

      **v.**                 **Civil No. 10-5048**

**SHERIFF KEITH FERGUSON**, *et al.*                                **DEFENDANTS**

## O R D E R

NOW on this 21st day of December 2010, comes on for consideration the **Magistrate Judge's Report and Recommendation (Doc. 19),** to which no objections have been filed. The Court, being well and sufficiently advised, finds and orders as follows:

    1.   On June 19, 2008, Michael Shane Wilmoth was found guilty by a jury of delivery of a controlled substance (marijuana). He was sentenced as a habitual offender by the Circuit Court of Benton County, and a Judgment and Commitment was entered on June 20, 2008. Defendant is currently incarcerated as an inmate of the Varner Supermax Unit of the Arkansas Department of Corrections in Grady, Arkansas.

    2.   On March 5, 2010, Plaintiff, appearing *pro se*, filed this action under 42 U.S.C. § 1983 alleging numerous complaints related to his incarceration.

    3.   On November 23, 2010, Plaintiff filed a Motion for Injunctive Relief[1] in which he seeks a court order directing (1)

---

[1] Plaintiff has another lawsuit pending before the undersigned, *Wilmoth v. Hobbs*, Case No. 10-5094, in which he seeks habeas relief under 28 U.S.C. § 2254. Plaintiff filed the same Motion for Injunctive Relief in *Wilmoth v. Hobbs*.

that he have full access to the prison law library, (2) that he be transferred to a separate unit within the Arkansas Department of Corrections, and (3) that an investigation of the retaliation complained of in his motion be conducted.

4. In *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109. 113 (8th Cir. 1981), the Eighth Circuit enumerated four factors to be considered in determining whether to grant injunctive relief: (1) whether there is a substantial probability movant will succeed at trial; (2) whether the moving party will suffer irreparable injury absent the injunction; (3) the harm to other interested parties if the relief is granted; and (4) the effect on the public interest.

5. In *Gof v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995), the court addressed the district court's role in inmate applications for injunctive relief as follows: "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." (internal citation omitted).

6. On November 30, 2010, the Magistrate Judge entered her Report and Recommendation in which she stated that Plaintiff had not demonstrated that he is in danger of suffering an irreparable injury or loss.  The Court has reviewed the Report and Recommendation and finds that it is sound in all respects and that the same should be adopted herein.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report and Recommendation** (Doc. 19) is hereby **adopted in** *toto*;

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, Plaintiff's **Motion for Injunctive Relief** (Doc. 11) is **denied.**

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**HON. JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**