IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MICHAEL SHANE WILMOTH**                                             **PLAINTIFF**

v.            Civil No. 10-5048

**DEPUTY LOCKHART, ET AL.**                                          **DEFENDANTS**

**O R D E R**

Before the Court is the **Magistrate Judge's Report and Recommendation** (document #135), to which plaintiff Michael Wilmoth objects (document #143). The Court, being well and sufficiently advised, finds as follows:

**Background**

1.   The parties held a settlement conference on December 2, 2012, before Magistrate Judge James R. Marschewski, after which the parties entered into a settlement agreement. That same day, the parties signed and filed their Joint Motion to Dismiss Separate Benton County Defendants with Prejudice (document #105).

2.   On December 5, 2011, Magistrate Judge Erin L. Setser filed her Report and Recommendation (document #106), recommending that Mr. Wilmoth's Complaint be dismissed with prejudice as to the Benton County Defendants.

3.   On December 8, 2011, Mr. Wilmoth filed a Motion to Withdraw Settlement Agreement and Joint Motion to Dismiss (document #107), arguing that he was not of sound mind when he entered into the agreement or signed the motion. Specifically, Mr.

Wilmoth asserted that he was under heavy medication at the time of the settlement conference and could not make a sound decision.

4. Judge Setser held a telephone conference and later an evidentiary hearing on Mr. Wilmoth's motion. Both Mr. Wilmoth and defendants' attorney Robert Beard testified at the hearing. Mr. Wilmoth testified that Mr. Beard and Judge Marschewski had lied to him about a conversation with the prosecuting attorney and had tricked him into entering the agreement.

5. Following the hearing, defendants filed a Motion for Sanctions (document #123) against Mr. Wilmoth based on his "frivolous and malicious" motion to withdraw.

6. Thereafter, Mr. Wilmoth filed a Motion for Sanctions (document #132) against defendants based on the alleged lies to the Court about the settlement terms.

**Motion to Withdraw Settlement Agreement**
**and Joint Motion to Dismiss**

7. Based on the parties' statements at the telephone conference and testimony at the evidentiary hearings, as well as the transcript of the settlement conference itself, Judge Setser filed the present Report and Recommendation, recommending that the Motion to Withdraw be denied.

8. Mr. Wilmoth objects, arguing that he can produce witnesses who would confirm the lies he claims he was told.

9. The Court finds that this objection is irrelevant to the issue of whether Mr. Wilmoth was competent to enter into the

settlement agreement. Mr. Wilmoth has not asserted that these witnesses could attest to his state of mind on the day in question. Therefore, this objection is overruled. Further, the Court agrees with the analysis and reasoning stated in the Magistrate Judge's Report and Recommendation on this issue and adopts the same as if set forth herein. The Motion to Withdraw should be denied.

### Defendant's Motion for Sanctions

10. Regarding defendants' Motion for Sanctions (document #123), Judge Setser has recommended that the motion be granted.

11. Mr. Wilmoth objects, arguing that he could prove his motion is not frivolous if allowed to call certain witnesses.

12. The Court finds no merit in this objection. As stated above, the issue raised in Mr. Wilmoth's Motion to Withdraw was whether he was competent to enter into the settlement agreement. Mr. Wilmoth has not proposed any witnesses who could confirm his soundness of mind on the date in question. Therefore, this objection is overruled, and the Court adopts the Magistrate Judge's Report and Recommendation on this issue. Defendants' Motion for Sanctions should be granted.

### Mr. Wilmoth's Motion for Sanctions

13. Judge Setser has recommended that Mr. Wilmoth's Motion for Sanctions be denied.

14. Mr. Wilmoth objects, again arguing that he could prove

his assertions about Judge Marschewski's and Mr. Beard's "lies" if allowed to call certain witnesses.

15.  The Court finds that the transcript of the settlement proceedings clearly reflects that neither Judge Marschewski nor Mr. Beard lied to Mr. Wilmoth, and therefore, sanctions would be inappropriate. This objection is overruled, and the Court adopts the Magistrate Judge's Report and Recommendation on this issue. Mr. Wilmoth's Motion for Sanctions should be denied.

**IT IS THEREFORE ORDERED** that **Plaintiff's Objection to Report and Recommendation** (document #143) is hereby **overruled** and the **Magistrate Judge's Report and Recommendation** (document #135) is hereby **adopted** *in toto*;

**IT IS FURTHER ORDERED** that Mr. Wilmoth's **Motion to Withdraw Settlement Agreement and Joint Motion to Dismiss** (document #107) is **denied.** The Court will separately enter its order adopting the Magistrate Judge's recommendation to dismiss this matter with prejudice as to the Benton County defendants.

**IT IS FURTHER ORDERED** that Defendants' **Motion for Sanctions** (document #123) is **granted,** and Mr. Wilmoth's **Motion for Sanctions** (document #132) is **denied.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　/s Jimm Larry Hendren
　　　　　　　　　　　　　　　　　　**JIMM LARRY HENDREN**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**