IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL SHANE WILMOTH                        PLAINTIFF

v.                     Civil No. 10-5048

ARAMARK CORRECTIONAL SERVICES, LLC;
and BARBARA HARDWICK                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Michael Shane Wilmoth, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

By order entered on June 27, 2012 (ECF No. 147), Plaintiff's claims against Deputy Lockhart, Sergeant Vaughn, Deputy Frischman, Sergeant Jessen, Deputy Dowdle, Deputy Hernandez, Deputy Robbins, Deputy Carlton, Deputy Lowther, Captain Petray, Lieutenant Cater, Deputy Strickland and Deputy Wales were dismissed. The claims against ARAMARK Correctional Services and Barbara Hardwick are still pending. On July 10, 2012 (ECF No. 154), Plaintiff filed a notice of appeal. He has also filed a motion for leave to appeal *in forma pauperis* (IFP)(ECF No. 160).

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In this case, the claims against only part of the Defendants have been dismissed. The claims against the remaining two Defendants are still pending. Pursuant to the terms of Rule 54(b) of the Federal Rules of Civil Procedure when a case involves more than one claim, if an order, does not dispose of all claims it is not considered a final appealable judgment unless the trial court directs that final judgment be entered as to claims that were dismissed.

Final judgment was not entered pursuant to Rule 54(b) of the order entered in this case.  In other words, the order appealed from does not constitute a final appealable judgment.  Accordingly, any appeal at this stage of the litigation would be frivolous and not taken in good faith.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal IFP (ECF No. 160) be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3).  I further recommend that the Clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act.  Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit.  Fed. R. App. P. 24(a).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of August 2012.

       /s/ *Erin L. Setser*  
       HON. ERIN L. SETSER  
       UNITED STATES MAGISTRATE JUDGE