```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

**MICHAEL SHANE WILMOTH**                                         PLAINTIFF

        v.        Civil No. 10-5048

**ARAMARK CORRECTIONAL SERVICES, LLC;**
**and BARBARA HARDWICK**                                         DEFENDANTS

### O R D E R

    Now on this 27th day of September, 2012, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (document #164) and defendants' objections thereto. The Court, being well and sufficiently advised, finds and orders as follows:

    1.  This is a civil rights action pursuant to 42 U.S.C. § 1983 in which pro se plaintiff Michael Wilmoth asserts that ARAMARK Correctional Services, LLC, and Barbara Hardwick failed to provide him with an adequate diet while he was incarcerated in the Benton County Detention Center (BCDC) in Bentonville, Arkansas.[1]

    2.  The pertinent facts have been set out in detail in the Report and Recommendation. In short, Mr. Wilmoth alleges that defendants, who were under contract with BCDC to provide for the inmates' dietary needs, served spoiled beans and undercooked eggs on several occasions, resulting in food poisoning, and that the bad food was not replaced. He also alleges that the portion sizes

---

[1] Mr. Wilmoth's claims against several other defendants have previously been settled and dismissed.

on the inmates' trays frequently were too small, amounting to less than 2300 calories per day, and that this caused him to rapidly lose 20 pounds.

    3.    ARAMARK and Hardwick filed a motion for summary judgment (document #96) on October 24, 2011, in which they argued the following:

* that ARAMARK or Hardwick cannot be liable under section 1983 because they are not prison officials nor have they been delegated penal responsibilities;

* that they are not liable under the theory of respondeat superior because that doctrine does not apply to section 1983 cases;

* that the isolated incidents described in Mr. Wilmoth's Complaint do not amount to "custom" or "usage" as contemplated by section 1983;

* that Mr. Wilmoth's complaints are too inconsequential to be actionable;

* that Mr. Wilmoth did not suffer an injury sufficient to support his claim;

* that Mr. Wilmoth failed to establish he was served an inadequate diet;

* that negligent or even grossly negligent conduct does not state a claim under section 1983; and

* that the claims do not warrant punitive damages.

4. In her Report and Recommendation filed on August 16, 2012, Magistrate Judge Erin L. Setser recommended that the motion for summary judgment be denied.

5. Defendants filed their objections on September 21, 2012. Although they did not raise the issue in their motion for summary judgment, defendants now argue that there is no evidence of deliberate indifference nor any medical evidence to support Mr. Wilmoth's claims.

6. To prevail on his claims, Mr. Wilmoth must show that defendants were deliberately indifferent to his dietary needs. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). A defendant is "deliberately indifferent" if he is aware of an inmate's needs yet deliberately disregards them. *Hartsfield v. Colburn*, 491 F.3d 394, 397 (8th Cir. 2007).

7. Mr. Wilmoth alleges that defendants were informed of the spoiled beans and undercooked eggs but failed to correct the problem, despite having knowledge that spoiled or undercooked foods could cause food poisoning. He claims the bad foods were not replaced with any substitute foods.

Mr. Wilmoth further alleges that he filed several grievances regarding food portions that were too small but that he continued to receive trays that were incomplete.

8. Viewing these facts in the light most favorable to Mr. Wilmoth, as the Court is required to do, the Court finds that a

genuine issue of material fact exists as to whether defendants deliberately disregarded Mr. Wilmoth's dietary needs. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Therefore, defendants' objection on this point will be overruled.

9. Defendants also argue that there is no medical evidence to show Mr. Wilmoth suffered any actual injury. To prevail, Mr. Wilmoth must present some evidence that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food. *Wishon*, 978 F.2d at 449.

10. Defendants contend that more is required and cite an unreported U.S. District Court opinion out of Illinois. That case states,

> In the absence of any detriment to the plaintiff's health or well-being, any drastic weight loss, or some other indicator that the food did not meet his basic needs, no reasonable trier of fact could conclude that the plaintiff did not receive a balanced diet, or that dietary deficiencies posed a serious risk to him.

*McGee v. Monahan*, , No. 06 C 3538, 2008 WL 3849917, at *8 (N.D. Ill. Aug. 14, 2008). Defendants then cite another unpublished order out of a New Mexico state court that states, "The plaintiff's claims of nutritional inadequacy and medical causation require the testimony of a qualified medical expert." *Peterson v. Neubauer*, No. CV 08-3133 (Dona Ana Co. Dist. Ct. N.M. Dec. 28, 2009).

11. Mr. Wilmoth alleges that he rapidly lost twenty pounds as a result of the inadequate food portions served by defendants. Defendants have cited no binding authority that states he is required to offer expert medical evidence to further support his claims. The Court finds that Mr. Wilmoth's sworn statement that he suffered drastic weight loss as a result of an inadequate diet is sufficient to survive the summary judgment motion.

**IT IS THEREFORE ORDERED** that defendants' objections to the **Report and Recommendation of the Magistrate Judge** (document #164) are **overruled,** and the Report and Recommendation is hereby **adopted** *in toto*.

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment of ARAMARK Correctional Services, LLC, and Barbara Hardwick** (document #96) is hereby **denied.**

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**